Honorable Timothy W. Dore

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE:

MARK S. COLON and VERONICA I. COLON,

Debtors.

---

RYAN DYE and HEATHER DYE, husband and wife; NORTH PACIFIC ORGAN & SOUND, LLC, a Washington limited liability company,

        Adversary Plaintiffs,

vs.

MARK S. COLON and VERONICA I. COLON, husband and wife,

        Defendants.

Bk. No. 13-15193 (Ch. 7)

**ADVERSARIAL CASE NO. _____**

**ADVERSARIAL COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

COME NOW the above-named ADVERSARY PLAINTIFFS and allege as follows:

I. PARTIES

1.1    Adversary Plaintiffs Ryan Dye and Heather Dye, husband and wife, at all times relevant hereto were Washington residents.

1.2    Adversary Plaintiff North Pacific Organ & Sound, LLC, is now and for all times relevant hereto, a Washington limited liability company.

ADVERSARIAL COMPLAINT TO
DETERMINE NON-DISCHARGEABILITY
OF DEBT IN RE COLON - 1

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty Second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7419

1.3     Adversary Defendants Marks Colon and Veronica Colon, husband and wife, at all times relevant hereto were Washington residents. All acts alleged of Mark Colon were done on his individual behalf and on behalf of his marital community.

## II. JURISDICTION AND VENUE

2.1     The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2.2     Venue for this adversary proceeding exists in the United States Bankruptcy Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BASIS OF COMPLAINT

3.1     On December 17, 2012, Adversary Plaintiffs obtained a judgment against Mark Colon and Veronica Colon, d/b/a "Luxor Homes" in King County Superior Court in the amount of $90,357.00. A true and correct copy of the Judgment is attached hereto as "Exhibit A" and incorporated herein by reference.

3.2     The Court entered judgment against the Adversary Defendants Colon for fraud, misrepresentation, securities violations, breach of contract and unjust enrichment, said claims being raised in the Complaint, a true and correct copy of which is attached hereto as "Exhibit B" and incorporated herein by reference.

## IV. CAUSES OF ACTION

4.1     Adversary Plaintiffs reallege all allegations previously plead and incorporate them herein by reference.

4.2     In dealings with Adversary Plaintiffs, Debtor Mark Colon made representations. At the time of the representations, Mark Colon knew they were false. Debtor Mark Colon made the

ADVERSARIAL COMPLAINT TO
DETERMINE NON-DISCHARGEABILITY
OF DEBT IN RE COLON - 2

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty Second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone (206) 686-7479

Case 13-01456-TWD    Doc 1    Filed 08/22/13    Ent. 08/22/13 12:16:58    Pg. 2 of 16

representations with the intention and purpose of deceiving the Adversary Plaintiffs. The Adversary Plaintiffs relied on the representations, and they sustained loss and damage as the proximate result of the representations having been made.

4.3     Adversary Plaintiffs seek a determination that the debt owed to them is non-dischargeable as to the Debtors under 11 U.S.C. § 523(a)(2)(A), based on Defendant Mark Colon obtaining money through false pretenses, false representation and/or actual fraud.

4.4     Adversary Plaintiffs seek a determination that the debt owed to them is non-dischargeable as to the Debtors under 11 U.S.C § 523(a)(4), based on Defendant Mark Colon's fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

4.5     Adversary Plaintiffs seek a determination that the debt owed to them is non-dischargeable as to the Debtors under 11 U.S.C. § 523(a)(6), based on Defendant Mark Colon's willful and malicious injury.

## PRAYER FOR RELIEF

WHEREFORE, Adversary Plaintiffs respectfully pray for judgment against the Debtors Mark Colon and Veronica Colon, as follows:

1.     Judgment against the Debtors such that the debt owed to Adversary Plaintiffs is non-dischargeable as to the Debtors under 11 U.S.C. § 523(a)(2)(A), (4) and (6).

2.     For Adversary Plaintiff's attorney fees and costs incurred in pursuing its claims against Debtors.

ADVERSARIAL COMPLAINT TO
DETERMINE NON-DISCHARGEABILITY
OF DEBT IN RE COLON - 3

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty Second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7419

Case 13-01456-TWD    Doc 1    Filed 08/22/13    Ent. 08/22/13 14:02:55    Pg. 3 of 16

DATED: August 22, 2013

LAW OFFICE OF
PATRICK C. BURPEE, LLC

s/ Patrick C. Burpee
_____
PATRICK C. BURPEE, WSBA #29252
Attorney for Adversary Plaintiffs
P.O. Box 17577
Seattle, WA 98127-1269
Tel: (206) 686-7475
Email: Burpeelaw@gmail.com

ADVERSARIAL COMPLAINT TO
DETERMINE NON-DISCHARGEABILITY
OF DEBT IN RE COLON - 4

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty Second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

Case 13-01456-TWD    Doc 1    Filed 08/22/13    Ent. 08/22/13 11:22:15    Pg. 4 of 16

# EXHIBIT A

```
                    FILED
              KING COUNTY, WASHINGTON
                  DEC 17 2012
                 DEPARTMENT OF
               JUDICIAL ADMINISTRATION
```

EXP07

SUPERIOR COURT, KING COUNTY, WASHINGTON

| | |
|---|---|
| RYAN DYE and HEATHER DYE, husband and wife; North Pacific Organ & Sound, LLC, a Washington limited liability company, <br><br> Plaintiffs, <br> vs. <br><br> MARK S. COLON & VERONICA I. COLON, husband and wife, d/b/a "Luxor Homes" <br><br> Defendants. | CASE NO. 12-2-39709-1 SEA <br><br> (PROPOSED) <br> ORDER OF DEFAULT JUDGMENT <br><br> (Clerk's Action Required) |

## I. JUDGMENT SUMMARY

| | |
|---|---|
| Judgment Creditor(s): | Ryan Dye, Heather Dye, North Pacific Organ & Sound, LLC |
| Judgment Debtor(s): | Mark S. Colon & Veronica I. Colon, d/b/a "Luxor Homes" |
| Principal Judgment Amount: | $ 80,000.00 |
| Prejudgment Interest: | $  5,441.10 |
| Attorney's fees: | $  4,510.00 |
| Taxable Costs: (filing, service of process & presentation) | $    406.47 |
| Other Recovery Amounts: | $ |
| Total Judgment Amount: | $ 90,357.00 |
| Attorney for Judgment Creditor9s): | Patrick C. Burpee/WSBA 29252 |

## II. ORDER & JUDGMENT

THIS MATTER having come on for hearing on Plaintiffs' Motion for an Order of Judgment by default against the Defendants Mark S. Colon and Veronica I. Colon, d/b/a "Luxor Homes"; the

ORDER OF DEFAULT JUDGMENT - 1

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

Court having reviewed the Motion, supporting Declarations, and the files and records herein and deeming itself fully advised in the premises,

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

The Plaintiffs shall have judgment pursuant to CR 55(b) against the Defendants Mark S. Colon & Veronica I. Colon, d/b/a "Luxor Homes", jointly and severally, for the claims of fraud, misrepresentation, breach of contract, securities violations and unjust enrichment, in the sums of $80,000.00, for principal, $5,441.10 for pre-judgment interest, $4,510.00 for attorney fees, $242.49 for filing fee; $99.00 for service of process fees, and $64.98 for ex parte fees. Interest shall accrue on the Total Judgment Amount at the rate of twelve (12%) percent per annum.

DONE IN OPEN COURT this ___ day of _12-17-____, 2012.

_____
KING COUNTY JUDGE/COURT COMMISSIONER

Presented by:

LAW OFFICE OF
PATRICK C. BURPEE, LLC

_____
PATRICK C. BURPEE, WSBA # 29252
Attorney for Plaintiffs Ryan & Heather Dye

ORDER OF DEFAULT JUDGMENT - 2

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

# EXHIBIT B

FILED
12 DEC 14 AM 10:24

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 12-2-39709-1 SEA

SUPERIOR COURT, KING COUNTY, WASHINGTON

| | |
|---|---|
| RYAN DYE and HEATHER DYE, husband and wife; North Pacific Organ & Sound, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br>vs.<br><br>MARK S. COLON & VERONICA I. COLON, husband and wife, d/b/a "Luxor Homes"<br><br>Defendants. | CASE N0.<br><br>COMPLAINT FOR FRAUD, INTENTIONAL MISREPRESENTATION, BREACH OF CONTRACT, SECURITIES VIOLATIONS AND UNJUST ENRICHMENT |

COME NOW the Plaintiffs, by and through their attorney of record, Patrick C. Burpee of the Law Office of Patrick C. Burpee, LLC, and allege against the above-named defendants as follows:

## I. JURISDICTION & VENUE

1.1     The Superior Court of Washington has jurisdiction over the subject of this action pursuant to RCW 2.08.010.

1.2     Venue in this matter is properly laid in King County by virtue of RCW 4.12.025 because one or more of the defendants resides in King County.

## II. PARTIES

COMPLAINT FOR FRAUD, BREACH OF
CONTRACT, SECURITIES VIOLATIONS
AND UNJUST ENRICHMENT - 1

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

Case 13-01456-TWD    Doc 1    Filed 08/22/13    Ent. 08/22/13 11:12:17    Pg. 9 of 16

## II. PARTIES

2.1  The Plaintiffs Ryan Dye and Heather Dye (hereinafter referred to collectively as "Dye", husband and wife, were at all times material hereto residents of King County, Washington. Ryan Dye is the sole officer and owner of North Pacific Organ and Sound, LLC, a musical instrument business operating in King County and the Greater Puget Sound area.

2.2 The defendants Mark S. Colon and Veronica I. Colon (hereinafter "Colon") are husband and wife and reside in King County, Washington. Defendant Mark S. Colon is believed to be the owner of Luxor Homes. All acts alleged herein by Mark S. Colon were done on his individual behalf and on behalf of his marital community.

## III. SUMMARY OF FACTUAL ALLEGATIONS

3.1  In 2012, Dye was introduced to the defendant Mark Colon ("Colon"), regarding Dye's possible participation with Colon in a frozen yogurt business venture. At times, Colon solicited Dye's participation as investors in the frozen yogurt start up business. At other times, Colon solicited a loan from Dye to fund the start up of an Oahu, Hawaii yogurt location and to consummate their commitment to the overall frozen yogurt business venture with Colon. During the course of their interactions, Colon made numerous representations to Dye. Based on Colon's representations, in particular a representation that Dye's funds would be returned within a few weeks, Dye delivered $80,000.00 to Colon.

3.2  In all instances of misrepresentation, as more specifically detailed below, Colon knew or reasonably should have known that the representations he made to Dye were false, his misrepresentations were intended to induce Dye to either invest or loan, and he intended that Dye rely on the truthfulness of his misrepresentations. Eventually, it became apparent that Colon

COMPLAINT FOR FRAUD, BREACH OF
CONTRAST, SECURITIES VIOLATIONS
AND UNJUST ENRICHMENT - 2

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

diverted Dye's funds to his own use. Dye has repeatedly requested that Colon return the $80,000.00. Despite Colon's promise to return the $80,000.00, he has failed to do so.

## IV. FACTUAL ALLEGATIONS

4.1 Specifically, in March of 2012, Dye became interested in starting a self-serve yogurt business in Washington. Dye conveyed their interest to a family friend, Delray Luce. Delray Luce suggested that Dye discuss their ideas with Colon, as she and her husband, Richard ("Rick") Luce, were in the process of setting up a fish taco business with Colon in Hawaii. Delray Luce explained that Colon had already found a location for the business, and they were putting the financials together to get started. At that time, Dye did not know Colon. During their conversation that day, Delray Luce informed Dye that she would have Rick Luce contact them regarding the Hawaii business idea.

4.2 Approximately a week later, Rick Luce contacted Dye to set up a meeting with Colon to discuss his business venture with Colon. During this conversation, Rick Luce informed Dye that since their prior conversation with his wife, the Luces had changed their business plan with Colon to focus on opening a self-serve frozen yogurt business in Hawaii, believing it had the potential to be far more lucrative.

4.3 In late March of 2012, Rick and Delray Luce introduced Dye to Colon at Bellevue Square. At this meeting, Rick Luce and Colon described to Dye their plan to start several self-serve frozen yogurt businesses (with each location being a separate LLC) throughout the Hawaiian islands.

4.4 During this March, 2012 meeting, Colon represented to Dye that he had developed a solid business plan, along with the assistance of Scott Gilkey of *The Gilkey Restaurant Consulting Group*. According to both Colon and Rick Luce, Scott Gilkey had studied the plan for these frozen

COMPLAINT FOR FRAUD, BREACH OF
CONTRACT, SECURITIES VIOLATIONS
AND UNJUST ENRICHMENT - 3

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

Case 13-01456-TWD    Doc 1    Filed 08/22/13    Ent. 08/22/13 11:12:17    Pg. 11 of 16

yogurt businesses in Hawaii and didn't find any holes in their plan. Specifically, Colon represented to Dye that "Scott Gilkey was so convinced of their success that he was personally going to retire early to manage their locations on the Big Island of Hawaii." Colon further represented to Dye that "Mr. Gilkey's wife was going to forego her Washington State teachers' pension to retire early and also relocate to the Big Island."

4.5  As the March, 2012 meeting continued, Colon and Rick Luce disclosed to Dye that they were looking for a select group of investors and solicited Dye's participation with the idea that Dye could be silent partners with 49% ownership in the frozen yogurt business. Colon and Luce further represented to Dye that they would build and operate each frozen yogurt location.

4.6  During the March, 2012 meeting, Colon and Rick Luce also represented to Dye that the majority of people that they had mentioned their plan to had immediately wanted to invest and be a part of the venture, but that Colon and Rick Luce had not committed to them, due to Rick Luce's desire that Dye become involved.

4.7  During the March, 2012 meeting, Colon informed Dye that he was lining up stores on Oahu and Kauai for these yogurt businesses. Colon further represented to Dye that "he had an escrow account in Honolulu with approximately $300-600K from investment bankers to be used for the construction and start up of the first frozen-yogurt location, located on prime 40' beach frontage storefront on Waikiki Beach, Oahu."

4.8  A second meeting occurred at the University Village Starbucks in May of 2012. During this second meeting, Colon informed Dye that if they wanted to be part of the business venture, Dye needed to make an initial financial commitment. Colon further represented to Dye that he "would use Dye's funds to secure the lease for the Waikiki Beach store." Additionally, Colon

COMPLAINT FOR FRAUD, BREACH OF
CONTRACT, SECURITIES VIOLATIONS
AND UNJUST ENRICHMENT - 4

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

represented to Dye that "the investment banker funds held in escrow for construction could not be released until the Waikiki store lease was signed."

4.9     During the May, 2012 meeting, Colon further represented to Dye that "if Dye agreed to provide him $80,000.00 to secure the Waikiki store lease, the $80,000.00 would be returned to Dye within a few weeks, as the escrow funds would then be available for disbursement."

4.10    During the May, 2012 meeting, Colon showed Dye a business plan for the Waikiki location. However, Colon would not provide Dye with a copy of it. Based on Colon's representations described above, Dye agreed to provide Colon with $80,000.00 to secure the Waikiki location lease.

4.11    At another meeting in Tukwila on May 24, 2012, Dye met Colon to hand deliver an $80,000.00 check drawn on his business account, North Pacific Organ & Sound, LLC. The check was made payable to Mark Colon – Luxor Homes.

4.12    During a visit to Oahu between May 31 and June 3, 2012, Dye discovered that the Waikiki lease had not been finalized. During this trip, Colon introduced Dye to Allen Roberts. Colon informed Dye that Allen Roberts was to be the Purchasing Manager for Nalu Cream, having been a financial advisor at Ameriprise Financial Services, Inc., and who also had extensive experience at Red Robin expanding its brand name.

4.13    Over the next 3-4 weeks in June of 2012, Colon represented to Dye that "negotiations for the Waikiki location were ongoing as a result of an awning issue." During the delay, Colon suggested to Dye that they start a frozen yogurt business in Washington to "establish" the business so it didn't appear to be a start up to prospective landlords.

4.14    Thereafter, Colon suggested that they pursue a newly-remodeled location in downtown Kirkland. As a result, Dye brought in a commercial real estate agent to assist with

COMPLAINT FOR FRAUD, BREACH OF
CONTRACT, SECURITIES VIOLATIONS
AND UNJUST ENRICHMENT - 5

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

procuring the Kirkland location for them. When the agent requested that Colon provide his business design and plans, Colon showed Dye and the agent a 3D rendering on his computer which he represented as his design (which Dye later discovered was a generic design of a frozen yogurt location found on Google images).

4.15  Ultimately, the property manager for the Kirkland location requested more financial information from Dye. The property manager's request prompted Dye to discuss the release and return of the $80,000.00 in escrow for the funds he advanced to Colon to secure the Waikiki store location.

4.16  On August 1, 2012, Colon met Dye in Tukwila where Dye believed his $80,000.00 would be returned. During the meeting, Colon showed Dye what appeared to be a receipt for $50,000.00. Colon represented to Dye that "the receipt was for the first and last month's rent deposit he had finally secured for the Waikiki location." Colon did not indicate where the remaining $30,000 had gone. Colon provided no specific information about when the escrow funds would be disbursed to Dye. However, Colon did state that he "would return Dye's $80,000.00 if Dye wished to back out of the business venture."

4.17  During another phone conversation on August 2, 2012, Dye informed Colon that he was no longer interested in pursuing their business relationship together and he wanted the $80,000.00 back. During the conversation, Colon promised to return Dye's $80,000.00. However, to date, Dye has only received text messages from Colon indicating that he would get back to Dye when he had answers.

COMPLAINT FOR FRAUD, BREACH OF
CONTRACT, SECURITIES VIOLATIONS
AND UNJUST ENRICHMENT - 6

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

Case 13-01456-TWD    Doc 1    Filed 08/22/13    Ent. 08/22/13 11:12:17    Pg. 14 of 16

## V. FIRST CAUSE OF ACTION – FRAUD

5.1 The Plaintiffs reallege all allegations previously plead and incorporate them herein by reference.

5.2 By the conduct herein alleged, the defendant Mark S. Colon committed fraud in the inducement in securing the investment made by plaintiffs Dye.

## VI. SECOND CAUSE OF ACTION – BREACH OF CONTRACT

6.1 The Plaintiffs reallege all allegations previously plead and incorporate them herein by reference.

6.2 By his conduct alleged herein, the defendant Mark S. Colon has breached numerous oral agreements with Dye.

## VII. THIRD CAUSE OF ACTION – SECURITIES VIOLATIONS

7.1 The Plaintiffs reallege all allegations previously plead and incorporate them herein by reference.

7.2 By his conduct alleged herein, the defendant Mark S. Colon violated the Securities Act of Washington (RCW 21.20).

## VIII. FOURTH CAUSE OF ACTION – UNJUST ENRICHMENT

8.1 The Plaintiffs reallege all allegations previously plead and incorporate them herein by reference.

8.2 By his conduct alleged herein, the defendant Mark S. Colon has been unjustly enriched in an amount not less than $80,000.00.

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, SECURITIES VIOLATIONS AND UNJUST ENRICHMENT - 7

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475

Case 13-01456-TWD    Doc 1    Filed 08/22/13    Ent. 08/22/13 11:12:17    Pg. 15 of 16

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays as follows:

1. For judgment against the defendants jointly and severally in the principal amount of $80,000.00;

2. For judgment against the defendants jointly and severally for direct damages in an amount to be proven at trial;

3. For judgment against the defendants jointly and severally for consequential damages in an amount to be proven at trial;

4. For a reasonable attorney's fee and taxable costs and disbursements herein pursuant to RCW 21.20 or other Washington law;

5. For pre-judgment interest on all liquidated sums at the maximum rate allowable by law through date of judgment;

6. For post-judgment interest at the maximum rate allowable by law until paid; and

7. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED: November 16, 2012

LAW OFFICE OF
PATRICK C. BURPEE, LLC

_/s/ Patrick Burpee_
PATRICK C. BURPEE, WSBA #29252
Attorney for Plaintiffs
Ryan Dye and Heather Dye

COMPLAINT FOR FRAUD, BREACH OF
CONTRACT, SECURITIES VIOLATIONS
AND UNJUST ENRICHMENT - 8

LAW OFFICE OF
PATRICK C. BURPEE, LLC
5315 Twenty-second Avenue NW
P.O. Box 17577
Seattle, WA 98127-1269
Telephone: (206) 686-7475